J-S48036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LARRY TROOP, | : | |
| | : | |
| Appellant | : | No. 2021 WDA 2015 |

Appeal from the PCRA Order November 20, 2015
in the Court of Common Pleas of Erie County,
Criminal Division, No(s): CP-25-MD-0001076-1988;
CP-25-MD-0001235-1988

BEFORE: BOWES, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 30, 2016**

Larry Troop ("Troop") appeals, *pro se*, from the Order dismissing his sixth Petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 18, 1988, a jury convicted Troop of three counts each of robbery, conspiracy, theft by unlawful taking, and receiving stolen property. On January 9, 1989, the trial court sentenced Troop to an aggregate term of 24 to 48 years in prison. This Court affirmed Troop's judgment of sentence, and our Supreme Court denied Troop's Petition for allowance of appeal on December 31, 1990. ***See Commonwealth v. Troop***, 571 A.2d 1084 (Pa. Super. 1990), *appeal denied*, 584 A.2d 317 (Pa. 1990).

Troop filed five previous PCRA Petitions, all of which were denied. Troop filed the instant Petition on June 16, 2015. The PCRA court entered a

Pa.R.Crim.P. 907 Notice of Intent to Dismiss. The PCRA court subsequently dismissed the Petition.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Id.* (citation omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration time for seeking the review." *Id.* § 9545(b)(3). The timeliness of a PCRA petition is a "jurisdictional requisite" because "jurisdictional time limits go to a court's right or competency to adjudicate a controversy." *Commonwealth v. Robinson*, 12 A.3d 477, 479 (Pa. Super. 2011).

Troop's judgment of sentence became final on April 1, 1991, 90 days after the Pennsylvania Supreme Court denied Troop's Petition for Allowance of Appeal, and the time for filing a Petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus Troop had until April 1, 1992, to file a timely PCRA

petition. The instant Petition, which was filed on June 16, 2015, is facially untimely.

However, Pennsylvania courts may consider an untimely PCRA Petition if the appellant can explicitly plead and prove one of three exceptions set forth at Section 9545(b)(1)(i)-(iii). *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). The exceptions to the timeliness requirements are as follows: (i) the failure to raise the claim was the result of government interference; (ii) the facts upon which the claim is predicated were unknown and could not have been discovered with due diligence; or (iii) the right asserted is a Constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in the section, and the court has held that it applies retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of the exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Troop invokes the newly recognized constitutional right exception. Brief for Appellant at 7-8, 9. Troop argues that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), applies retroactively and rendered his sentence illegal. Brief for Appellant at 8, 9-12. The *Alleyne* Court held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the

jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155, 2163.

Here, Troop failed to file his PCRA Petition within 60 days of June 17, 2013, the date of the *Alleyne* decision. *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (stating that to fulfill the 60-day requirement, defendants need to file their Petition within 60 days from the date of the court's decision). Moreover, *Alleyne* is not retroactive to cases where, as here, the judgment of sentence was final at the time of the petitioner's filing a petition invoking *Alleyne*. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the Pennsylvania Supreme Court nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of the sentence has become final); *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1067 (Pa. Super. 2015). Further, despite Troop's argument that *Alleyne* implicates the legality of his sentence, this Court does not have jurisdiction to review the matter. *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (stating that "though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for

the first time in an untimely PCRA Petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim").[1]

Troop also argues that the sentencing guidelines controlling his sentence were suspended at the time of his sentencing, and that the sentencing court lacked the statutory authority to use the guidelines. Brief for Appellant at 5, 13. However, Troop has failed to plead or prove an exception to the timeliness requirement.[2]

Thus, the PCRA court properly dismissed Troop's untimely PCRA Petition.

Order affirmed.

---

[1] We note that Troop claims that his sentence violates the 14th Amendment's Due Process and Equal Protection Clauses, as well as the 8th Amendment. Brief for Appellant at 8. In doing so, however, Troop did not plead or prove one of the three listed exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In support of his *Alleyne* argument, Troop also cites to *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which retroactively nullify mandatory life sentences without the possibility of parole for defendants under 18 years old at the time of commission of the crime. As noted above, *Alleyne* does not apply retroactively. To the extent that Troop invokes *Miller* and *Montgomery* under Section 9545(b)(1)(iii), we conclude that the cases do not apply as Troop was over the age of 18 years old at the time he committed the crimes.

[2] To the extent that Troop claims that the ineffectiveness of his trial counsel invokes an exception to the timeliness requirement, we affirm "that allegations of ineffective counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2016